UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| APPLIED UNDERWRITERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-379 |
| | ) | (REEVES/SHIRLEY) |
| AMERICAN EMPLOYER GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendant's Motion to Amend Schedule [Doc. 32] and Defendant's Motion for Leave to File Under Seal [Doc. 33]. The Plaintiff filed a Response to the Motion to Amend Schedule [Doc. 35]. The parties appeared before the Court for a scheduled telephonic conference with respect to discovery disputes on January 29, 2016, wherein the Court also addressed the Defendant's motions. Attorney Edward Linquist, Jr., appeared on behalf of the Plaintiff, and Attorneys John Winemiller, Ian McFarland, and R. Bradford Brittian appeared on behalf of the Defendant. After hearing from both parties, the Court **GRANTS in part**, and **DENIES in part,** the Defendant's Motion to Amend Schedule [Doc. 32], and the Defendant's Motion for Leave to File Under Seal [Doc. 33] is **HELD IN ABEYANCE.**

I. POSITIONS OF THE PARTIES

The Defendant's Motion [Doc. 32] states that the Plaintiff failed to participate in meaningful discovery. Specifically, the Defendant avers that the Plaintiff has not produced email

messages, failed to provide a designee able to testify about duly identified topics, and submitted demonstrably inaccurate interrogatory answers. The Defendant requests that the Court amend its Scheduling Order to extend all dates in this matter, including the trial date. In the alternative, the Defendant requests that the Court suspend all activity in this case until the Plaintiff has complied with its discovery obligations and order the Plaintiff to show cause as to why the action should not be dismissed for lack of prosecution.

With respect to its Motion for Leave to File Under Seal [Doc. 33], the Defendant asserts that the parties submitted a Protective Order in this case that provided the opportunity to preliminary designate all deposition testimony as HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY for a period of fifteen (15) days following the receipt of transcripts. The Defendant avers that it submitted a Memorandum in Support of Motion to Amend Schedule [Doc. 34] that cited testimony that is still subject to the preliminary HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY designation.

The Plaintiff filed a Response to Defendant's Motion to Amend Schedule [Doc. 35] stating that neither party has been exemplary in discovery responsiveness. The Plaintiff submits, however, that it welcomes suggestions from Defendant as to the proposed changes to which it will likely agree.

**II.    ANALYSIS**

As mentioned above, the Court scheduled a telephonic conference to discuss discovery issues on January 29, 2016, wherein the Court also addressed the pending motions [Docs. 32, 33]. With respect to the Defendant's Motion to Amend [Doc. 32], the parties agreed to work together to complete ESI searches, including the parameters of the searches. The Plaintiff stated that any remaining documents discovered by ESI searches will be produced by February 12,

2016. The Plaintiff also agreed that it would provide the Defendant with supplemental discovery answers within thirty (30) days of the hearing. The parties agreed that should they need additional depositions of any Rule 30(b)(6) witnesses, they will file formal requests. In addition, the parties agreed to work together to reschedule any remaining depositions that need to be taken.

Because the parties have not completed discovery but are working together to do so, the Court **GRANTED** the Defendant's request to extend the dispositive motion deadline. The parties shall have until **April 1, 2016**, to file dispositive motions. Responses to any dispositive motions shall be due on or before **April 22, 2016**, and reply briefs shall be due on or before **April 29, 2016**. The Court **DENIED** the Defendant's request to continue the trial, but the Court may revisit the issue should a continuance be warranted.

At the conclusion of the hearing, the Defendant requested that the Plaintiff pay for the costs of retaking depositions. Because it is unclear at this time as to whether any depositions need to be retaken, the Court finds this request premature, with leave to file a motion requesting such costs on a later date.[1]

Finally, the Defendant stated that the Court's rulings on the Motion to Amend [Doc. 32] mooted its Motion for Leave to File Under Seal [Doc. 33]. The issue of mootness was then discussed, but it appears to the Court that several of the exhibits, entries, and texts that were filed under seal might be deemed confidential information and subject to protection. The parties are **ADMONISHED** to work together to review the proposed sealed filings and redact, or seal portions of or pages of, and submit a new proposed agreed order with respect to what should be filed under protection. Accordingly, the Motion for Leave to File Under Seal [**Doc. 33**] is **HELD IN ABEYANCE** until the parties submit the proposed agreed order.

---

[1] The Court does not opine on the merits of the Defendant's claim for deposition costs.

### III.     CONCLUSION

Accordingly, the Court finds the Defendant's Motion for Leave to File Under Seal [**Doc. 33**] is **HELD IN ABEYANCE**, and the Court **GRANTS in part**, and **DENIES in part**, the Defendant's Motion to Amend Schedule [**Doc. 32**] as follows:

1. The Plaintiff shall provide remaining ESI discovery to the Defendant on or before **February 12, 2016**;

2. The Plaintiff shall provide supplemental discovery answers within thirty (30) days of the hearing or by **February 28, 2016**;

3. The deadline to file dispositive motions shall be **April 1, 2016**;

4. Responses to dispositive motions shall be due on or before **April 22, 2016**, and reply briefs due on or before **April 29, 2016**;

5. The Defendant's request to continue the trial is **DENIED**;

6. The Court **DENIES** the Defendant's request for the costs of retaking depositions, with leave to file a motion requesting such costs on a later date;

7. The Defendant's request to suspend activity in this case until the Plaintiff complies with its discovery obligations is **DENIED** as **MOOT**; and

8. The Defendant's request to order the Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

ENTER:

       s/ C. Clifford Shirley, Jr.
United States Magistrate Judge