UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| APPLIED UNDERWRITERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-379-PLR-CCS |
| | ) | |
| AMERICAN EMPLOYER GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions: the Motions to Withdraw [Docs. 49, 50], filed by Attorneys Edward Lanquist, Jr., and Scott Douglass, the Defendant's Motion for Sanctions [Doc. 53], the Defendant's Motion to Amend Schedule [Doc. 55], and the Plaintiff's Motion to Continue [Doc. 62]. The parties appeared before the Court for a scheduled motion hearing on the above pending motions on April 25, 2016. Attorneys Taylor Williams, Matthew Evans, and John Griffin appeared on behalf of the Plaintiff, and Attorneys John Winemiller, Ian McFarland, and R. Bradford Brittian appeared on behalf of the Defendant. Attorneys Edward Lanquist, Jr., and Scott Douglass appeared via telephone.

After hearing from both parties on the pending motions and for the reasons explained at the hearing, the Court **GRANTS** the Motions to Withdraw [Docs. 49, 50], **GRANTS IN PART AND DENIES IN PART** the Motions for Sanctions [Doc. 53], **GRANTS** the Motion to Amend Schedule [Doc. 55], and **GRANTS IN PART AND DENIES IN PART** the Plaintiff's Motion to Continue [Doc. 62].

## I. POSITIONS OF THE PARTIES

With respect to the Motions to Withdraw [Docs. 49, 50], Attorneys Edward Lanquist and Scott Douglass request that the Court allow them to withdraw because the Plaintiff has obtained new counsel. The Defendant does not object [Doc. 51] to Attorney Lanquist's and Attorney Douglass's withdrawal but requests that they continue to represent the Plaintiff until the discovery dispute is resolved. Attorneys Lanquist and Douglass respond [Doc. 52] that discovery disputes are between parties, not attorneys.

With respect to the Motion for Sanctions [Doc. 53], the Defendant asserts that the Plaintiff has failed to comply with the Court's discovery Orders, failed to follow the procedures set forth in the parties' discovery plan, failed to follow the directives of the Court's Protective Order, failed to follow the requirements of the Federal Rules of Civil Procedure, and failed to confer in good faith about discovery issues. The Defendant argues that the Plaintiff produced a classic "document dump" when it produced its ESI. At the hearing, the Defendant identified eleven deficiencies with the Plaintiff's March 8 document production, including: (1) the Plaintiff failed to search for the agreed upon terms in creating the collective universe; (2) the Plaintiff failed to search the computer systems of several individuals that were agreed upon; (3) the Plaintiff failed to review the documents before producing; (4) the organization of the documents is unclear in that the they are out of order, without attachments, and without proper load files; (5) the ESI on the third hard drive lacks proper Bate-stamping; (6) all four million pages were produced "Attorney Eyes Only"; (7) the formatting of the ESI was contrary to the parties agreement pursuant to the Rule 26(f) Report; (8) the document production was produced without extracted OCR text and load files; (9) the ESI is duplicative of previous discovery; (10) the third hard drive contains a number of folders, sub-folders, and sub-sub level folders with file names

that do not make sense; and (11) the document production was not accompanied by a spreadsheet explaining which documents are relevant to which request contrary to the parties' agreement.

The Defendant's Motion requests that the Court dismiss the lawsuit, or in the alternative, stay the case until the Plaintiff obeys the Court's Orders and fully complies with its discovery obligations. The Defendant also requests that the Court award it a sufficient sum to compensate it for the fees and costs it incurred in responding to and overcoming the Plaintiff's discovery misconduct and its fees and costs associated with re-taking depositions.

The Plaintiff responds [Doc. 58] that the document production was a reasonably-sized production given the amount of the Defendant's requests and the agreed upon search terms. The Plaintiff argues that to accede to the Defendant's troublesome demands about the nature, format, and breadth of its March 8 production would be extremely costly for the Plaintiff. The Plaintiff submits that the Defendant has not been prejudiced by its document production. At the hearing, the Plaintiff stated that the search terms that were agreed upon were not used to create the collective universe but were instead used to narrow the search. The Plaintiff admitted that not all the custodians' computers that were agreed upon were searched. In addition, the Plaintiff stated that the production did not explain what documents relate to each request. The Plaintiff stated that it would address and correct the organizational issues, the designations of "Attorney Eyes Only", and the formatting issues. The Plaintiff stated that it is working with a vendor to upload all the files so that defense counsel may review.

Finally, both parties move [Docs. 55, 62] to amend the Scheduling Order. The Defendant requests that the Court suspend all unexpired deadlines until the discovery dispute is resolved, and the Plaintiff requests that the Court continue "all pre-trial deadlines."

3

Case 3:14-cv-00379-PLR-CCS   Document 67   Filed 05/02/16   Page 3 of 7   PageID #: 749

## II.     ANALYSIS

Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures. Rule 37(b)(2)(A) provides specific sanctions that the Court may impose, including dismissal, for a party who fails to obey an order to provide or permit discovery. Furthermore, Rule 37(b)(2)(C) states that in addition to or instead of the sanctions provided in Rule 37(b)(2)(A), the Court "must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure is substantially justified or other circumstances make an award of expenses unjust."

As explained during the hearing, the Court finds sanctions are warranted in this case. By way of background, the Court held a telephonic conference with the parties on February 12, 2016, to address the Plaintiff's discovery deficiencies. The Plaintiff agreed to produce the remaining ESI by February 12, 2016. The Plaintiff did not produce ESI by February 12, 2016, but filed a Motion [Doc. 38] requesting an extension.

The Court held another telephonic conference on February 25, 2016, regarding the Plaintiff's discovery deficiencies. During the February 25 hearing, the Court granted the Plaintiff's request for additional time until March 8, 2016, to produce ESI. In addition, per the parties' agreement, the Court ordered [Doc. 42] the Plaintiff to conduct "the additional searches per the protocols discussed during the hearing and to reproduce all discovery with the appropriate Bate stamps." As noted at the April 25 hearing, contrary to the parties' agreement and the Court's Order, the Plaintiff did not perform the additional searches per the protocols discussed, <u>i.e.</u>, performing searches on specifically named individuals' computers. Moreover, when the March 8 discovery was produced, it was contrary to the plan set forth in the Rule 26(f) Report, it was unorganized, it failed to identify which document request it was answering, and it

4

was all produced "Attorney's Eyes Only." Accordingly, the Court finds that sanctions are appropriate.

While the Court finds that sanctions are appropriate, the Court does not find that Plaintiff's deficiencies warrant dismissal. See United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). As discussed at the hearing, instead of dismissal, the Court finds that the Plaintiff shall pay for the reasonable attorney's fees and costs associated with the Defendant's Motion for Sanctions, [Doc. 53], including the other Motions and filings that relate to the Plaintiff's discovery deficiencies. See Docs. 49, 50, 51, 52, 53, 55, 58, 59, 61, 62. In addition, the Court finds that the Plaintiff shall pay for the reasonable expenses, not to include attorney's fees, for retaking Mr. Steven Menzies's, Jeffrey Silver's, and the Plaintiff's Rule 30(b)(6) witness's depositions. These expenses are related to the Plaintiff's discovery failures and should be borne by the Plaintiff. See Rule 37(b)(2)(C).

The Court finds that, at this time, these sanctions are more appropriate than dismissal given the Plaintiff's efforts to cure its deficiencies as explained during the hearing. The Plaintiff shall have until **June 6, 2016**, to provide the ESI to the Defendant in a searchable format per the protocols discussed at the hearing. The Court, however, admonishes the Plaintiff that future discovery failures that approach the magnitude of the previous failures may lead to dismissal.

With respect to the Motions to Withdraw [Docs. 49, 50], the Court finds that because continuity of counsel is ensured, the Court will hereby **GRANT** the Motions. Attorneys Edward Lanquist and Scott Douglass are relieved of their duties in this case, and Attorneys John Griffin, Matthew Evans, and Michael Johnson will remain counsel of record for the Plaintiff.

Finally, because the Court granted the Plaintiff until June 6, 2016, to provide the ESI to the Defendant, the Court finds that certain deadlines and dates must be continued. Specifically, the Court finds that the deadline for discovery and the Defendant's expert disclosures shall be **September 30, 2016**. The deadline to file motions to compel shall also be **September 30, 2016**. The deadline to file dispositive motions is **October 31, 2016**. Responses to dispositive motions shall be filed on or before **October 31, 2016**, and the trial shall be continued to **February 28, 2017**. Accordingly, the Court hereby **GRANTS** the Defendant's Motion to Amend Schedule [**Doc. 55**] and **GRANTS IN PART AND DENIES IN PART [Doc. 62]** the Plaintiff's Motion to Continue. The Court will continue certain deadlines as noted, but the Court will not disturb deadlines that have since passed.

### III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. The Defendant's Motion for Sanctions [Doc. 53] is **GRANTED IN PART AND DENIED IN PART**. The Plaintiff shall pay the costs associated with the Defendant's Motion for Sanctions, including the additional motions and filings that relate to the Plaintiff's discovery deficiencies [Docs. 49, 50, 51, 52, 53, 55, 58, 59, 61, 62]. Defense counsel shall send Plaintiff's counsel a reasonable bill for the attorney's fees and costs associated with the above filings and the costs for attending the April 25, 2016 hearing.

2. The Plaintiff shall pay for the expenses associated with retaking Steven Menzies's, Jeffrey Silver's, and the Plaintiff's Rule 30(b)(6) witness's depositions, but the Court will not order the Plaintiff to pay for the attorney's fees associated with retaking these depositions;

3. The Plaintiff shall produce to the Defendant ESI on or before **June 6, 2016**, in a searchable format;

4. The Motions to Withdraw [**Docs. 49, 50**] are **GRANTED**. Attorneys Edward Lanquist and Scott Douglass are relieved of their duties in this case;

6

5. The Defendant's Motion to Amend Schedule [**Doc. 55**] is **GRANTED**;

6. The Plaintiff's Motion to Continue [**Doc. 62**] is **GRANTED IN PART AND DENIED IN PART**. The Court will continue the deadlines that have not expired, as noted below, but it will not disturb the expired deadlines;

7. The deadline for discovery shall be **September 30, 2016**;

8. The deadline for the Defendant's expert disclosures shall be **September 30, 2016**;

9. Motions to compel shall be filed on or before **September 30, 2016;**

10. The deadline to file dispositive motions is **October 31, 2016**;

11. Responses to dispositive motions shall be filed on or before **October 31, 2016**; and

12. The trial shall be continued to **February 28, 2017**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

7

Case 3:14-cv-00379-PLR-CCS   Document 67   Filed 05/02/16   Page 7 of 7   PageID #: 753